UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20073-CIV-ALTONAGA/Goodman

**SHEHAN WIJESINHA**,

    Plaintiff,
v.

**BLUEGREEN VACATIONS UNLIMITED, INC.**,

    Defendant.
_____/

## ORDER ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** came before the Court *sua sponte*. On July 10, 2019, Magistrate Judge Jonathan Goodman entered an order staying *Reyes v. BCA Financial Services, Inc.*, No. 16-24077-Civ-Goodman, a similar Telephone Consumer Protection Act ("TCPA") case referenced by both parties in their written submissions. (*See* Plaintiff's Motion for Class Certification [ECF No. 58] 10, and Defendant's Opposition to Plaintiff's Motion for Class Certification ("Opposition") [ECF No. 69] 24 n. 9;[1] *see Reyes*, No. 16-24077-Civ, Order Granting Defendant's Motion to Stay Proceedings [ECF No. 200]). Judge Goodman stayed *Reyes* pending a ruling from the Federal Communications Commission ("FCC") clarifying the definition of an automatic telephone dialing system ("ATDS") under the TCPA. (*See* Order). In his Order, Judge Goodman noted several judges in this District have stayed similar TCPA suits while awaiting the FCC's promulgation of a revised definition of an ATDS. (*See id.* (citing *Buhr v. ADT, Inc.*, No. 18-80605-Civ, Order Granting Motion to Stay [ECF No. 40] filed July, 25, 2018 (S.D. Fla. 2018); and *Secure v. Ultimate Fitness Group, LLC*, No. 18-20483-Civ, Order Granting Motion to Stay [ECF No. 64], filed March

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

18, 2019 (S.D. Fla. 2019)).

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling." (alteration added; citations omitted)). Indeed, "[t]he inherent discretionary authority of the district court to stay litigation pending the outcome of [a] related proceeding in another forum is not questioned." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (alterations added; citations omitted). Finally, in the "interest of judicial economy" courts can "order a stay of [a] proceeding pending the outcome of [an] appeal." *Lozman v. City of Riviera Beach*, No. 08-80134-CIV, 2011 WL 13107422, at *4 (S.D. Fla. May 4, 2011) (alterations added).

Plaintiff brings this putative class action suit against Defendant for alleged violations of the TCPA, 47 U.S.C. section 227(b)(A)(iii). (*See generally* First Amended Complaint [ECF No. 13]). Plaintiff alleges Defendant used an ATDS as part of its marketing strategy to make unsolicited sales calls to unsuspecting consumers to sell its goods and services. (*See id.* ¶ 3). The relevant section of the TCPA makes it unlawful for an entity:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any *automatic telephone dialing system* or an artificial or prerecorded voice –
>
> \*   \*   \*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis and alterations added). Plaintiff can only succeed – either individually or as representative of a class – if Defendant placed a call using an ATDS.

A threshold issue in this litigation is whether the equipment Defendant used falls within the definition of an ATDS. The parties disagree on this point. (*See* Reply in Support of Class Certification [ECF No. 70] 2 n. 3 ("Plaintiff's Motion for Summary Judgment will describe precisely how the TCN Platform's clicker agents are simply window dressing for an automated dialing system"); Opposition 15 (stating the "TCN Manually Approved Calling System is not an autodialer, but a manual dialer" under the TCPA)). Indeed, the parties have each filed expert reports in support of their respective positions. (*See generally* Expert Report of Randall A. Snyder [ECF No. 75-1]; Rebuttal and Supplemental Report by Jan Kostyun [ECF No. 74-1]). Defendant specifically raises this issue in its Opposition to class certification, arguing Plaintiff and any proposed class members lack standing because there is no statutory violation without the use of an ATDS. (*See* Opposition 7–9).

Given the importance of determining what constitutes an ATDS, the Court finds it instructive to address the legal landscape surrounding this question. The TCPA defines the term "automatic telephone dialing system" as equipment which has the capacity "(A) to store or produce telephone numbers to be called, using a random or sequential number generator; (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A)–(B). The FCC is authorized to prescribe rules and regulations to implement the requirements of the TCPA, which include the interpretation of the TCPA's terms. *See id.* at § 227(b)(2).

The FCC's orders regarding the definition of an ATDS have evolved over time and were recently addressed in *ACA International v. FCC*, 885 F.3d 687 (D.C. Cir. 2018). In *ACA International*, the court discussed the FCC order *In the Matter of Rules & Regulations*

*Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C. Rcd. 7961 (2015). *See id*. at 693. The court found the FCC's interpretation of an ATDS took the contradictory position "the 'basic function' of an autodialer is to dial numbers without human intervention, but a device might still qualify as an autodialer even if it cannot dial numbers without human intervention." *ACA Int'l*, 885 F.3d at 703. The FCC order's "lack of clarity about which functions qualify a device as an autodialer" led the court to set aside the FCC's treatment of those matters. *Id*.

Since *ACA International*, the FCC has twice sought public comment on how to interpret and apply the statutory definition of an ATDS. *See* FCC, *Consumer & Governmental Affairs Bureau Seeks Comment on Interpretation of the Telephone Consumer Protection Act in Light of the D.C. Circuit's ACA International Decision*, 83 Fed. Reg. 26284 (June 6, 2018); and FCC, *Consumer & Governmental Affairs Bureau Seeks Further Comment on Interpretation of the Telephone Consumer Protection Act in Light of the Ninth Circuit's Marks v. Crunch San Diego, LLC Decision*, 2018 WL 4801356 (Oct. 3, 2018).

In addition to the impending FCC ruling, the Court's analysis of an ATDS may also be impacted by the Eleventh Circuit's decision in *Glasser v. Hilton Grand Vacations Co., LLC*, No. 18-14499 (*appeal filed* Oct. 24, 2018). In *Glasser*, the district court granted summary judgment in favor of the defendant in a TCPA suit because the system used to place phone calls by the defendant was not an ATDS. *See Glasser v. Hilton Grand Vacations Co., LLC*., 341 F. Supp. 3d 1305, 1314 (M.D. Fla. 2018). The defendant used a dialing system requiring a clicker agent to manually click a button to place calls. *See id*. at 1313.

The plaintiff's expert in *Glasser*, Randall Snyder — who is Plaintiff's expert in this action — argued the system was an ATDS notwithstanding the clicker agent. *See id*. at 1313–14. The court disagreed, finding "the evidence shows that human intervention is necessary for numbers to

4

be dialed" and the system is therefore not an ATDS. *Id*. at 1314. The plaintiff has appealed the district court's decision in *Glasser*, and "[t]he sole issue on appeal is whether the district court erred in granting summary judgment to [defendant] on the grounds that its 'IMC System' did not constitute an Automatic Telephone Dialing System as defined by the TCPA." Brief for Appellant at 2, *Glasser v. Hilton Grand Vacations Company, LLC* (No. 18-14499), 2019 WL 268444 (alterations added)

Before the Court can decide the Motion for Class Certification [ECF No. 58] and the soon-to-be filed cross motions for summary judgment, the parties and the Court would benefit from a clarification of the definition of an ATDS. If the definition is as Defendant suggests it is, Plaintiff would lack standing, his individual claim would be subject to dismissal, and no class would be certified, or class notice issue. Consequently, the Court uses its broad discretion to stay the case. While the undersigned is reluctant to stay this litigation,[2] the period for public comment on the issue has closed and the FCC ruling on the interpretation of the definition of an ATDS is expected to be forthcoming. Further, the appeal in *Glasser* is nearly ripe for review. Given the impact these decisions are likely to have on this case, the Court finds the prudent course is to join the courts in *Secure*, *Buhr*, and *Reyes* and stay this action.

Accordingly, to conserve the parties' and judicial resources, it is **ORDERED AND ADJUDGED** as follows:

1. The case is **STAYED** pending the FCC's decision regarding the interpretation of an ATDS and the Eleventh Circuit's decision in *Glasser v. Hilton Grand Vacations Co., LLC*, No.18-14499 (*appeal filed* Oct. 24, 2018).

2. The parties are required to file a status report within one week of the FCC decision

---

[2] *See* April 3, 2019 Order [ECF No. 29] denying an earlier motion to stay.

and shall also provide the Court with status updates regarding the appeal every 60 days beginning **September 13, 2019**.

3. The case is **ADMINISTRATIVELY CLOSED**, for statistical purposes only, without prejudice to the substantive rights of any of the parties. Any party may move to reopen the case at the appropriate time.

4. All pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 15th day of July, 2019.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record